UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI REA,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

Case No. 4:17-cv-12388

Honorable Linda V. Parker

Magistrate Stephanie Dawkins Davis

                                    /

LAW OFFICE OF GREGORY T. GIBBS
By:  Gregory T. Gibbs (P26440)
     Alec S. Gibbs (P73593)
717 S. Grand Traverse
Flint, MI 48502
(810) 239-9470
greggibbs51@sbcglobal.net
gibbsale@gmail.com

LAW OFFICE OF ANN A. LERCHE
By:  Ann A. Lerche (P33331)
717 S. Grand Traverse
Flint, MI 48502
(810) 239-9470
annlerche@gmail.com

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.
By:  Elizabeth P. Hardy (P37426)
     Thomas J. Davis (P78626)
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

*Counsel for Defendant*

*Counsel for Plaintiff*

                                    /

**Defendant's Reply Brief in Support of Motion in Limine Re: Plaintiff's
Deposition Admissions in *Whiteaker v. Bank of America***

In order to attempt to secure advantage in this civil litigation, Plaintiff Lori Rea's counsel have casually accused two fellow members of the bar of a serious ethical violation. Those charges are frivolous, unsupportable nonsense, as Rea's response to the Bank's motion in limine confirms.

Moreover, Rea's response confirms why her counsel are making this frivolous threat: so that Rea can contradict her sworn deposition testimony in the *Whiteaker* matter. Rather than accepting that Rea admitted under oath to knowingly and wrongfully falsifying a bank record, they instead want to portray her actions as innocent altruism. Opp. at 3-4. And while they claim they do not want to "suborne perjury" [*sic*], *id.* at 15, it is telling that they specifically complain that they cannot file a declaration that "contradict[s] the testimony" Rea already gave, *id.* at 16. The Court should reject Plaintiff's gambit outright. It should grant the motion in limine, award the Bank its fees incurred in drafting this motion, and take whatever other steps it finds are appropriate in response to this frivolous accusation of ethical violations.[1]

**Argument**

Rea concedes that her *Whiteaker* deposition testimony is admissible. *See* Opp. at 2. She thus seeks to suppress it, citing Rule 4.2. As described in the Bank's motion, however, Rule 4.2 does not apply for multiple reasons. Rea's response rests mostly

---

[1] The "threat of filing a disciplinary complaint … against opposing counsel, to obtain an advantage in a civil case" is itself "improper" when the threatened "charges are not well founded in fact and in law." ABA Formal Opinion 94-383 (1994).

on bare assertions unsupported by the Rule's text, case law, or ethics opinions. She has no good-faith basis to accuse the Bank's counsel of an ethical violation.

### A. The Bank's counsel did not know of Rea's alleged representation.

Rule 4.2 does not apply unless the questioning lawyer actually *knows* that the party she talked to was represented. Dkt. 16, Pg ID 91-93. Here, the Bank's counsel provided sworn declarations stating that they did not know, and identified objective facts consistent with their belief. *Id.* Rea, in response, argues that actual knowledge is unnecessary, but that the Bank's counsel nonetheless knew. Opp. at 13-14.

Rea's claim that a lawyer need not know of the representation is simply inconsistent with the Rule's plain text: "A lawyer shall not communicate about the subject of the representation with a party whom *the lawyer knows to be represented* in the matter by another lawyer…." MRPC 4.2 (emphasis added). Indeed, even the comments to the Model ABA Rule that Rea cites, Opp. at 13 n.9, confirms this: "[t]his means that the lawyer has *actual* knowledge of the fact of the representation." ABA Model Rule 1.0(f) (emphasis added). Actual knowledge is necessary.

Rea next argues that an attorney's actual knowledge can be inferred circumstantially, and claims that the Bank's counsel knew Rea was represented because she testified that she had consulted an attorney *in 2015*. Opp. at 13-14. But the Bank already addressed this, explaining why Rea's testimony did not cause its counsel to even think, let alone "know," that Rea was represented in June 2017. Dkt.

-2-

16, Pg ID 89-90, 91-93; Dkt. 16-11, Dkt. 16-12. And, again, counsel provided specific facts that supported their assertions. *See* Dkt. 16, Pg ID 92-93 & n.3.

Rea offers no response or rebuttal to this detailed explanation. This is a critical point, and there is no need to mince words. Counsel's knowledge is at the very heart of Rule 4.2. There is no ethical problem with an attorney speaking to someone—particularly on the record, openly, at a deposition—unless the attorney *knows* the person is represented. The Bank's counsel have offered sworn declarations that if Rea's dubious claim of representation is true, they were unaware of it, and backed up that belief with specific evidence. Rea's attorneys, without addressing that evidence, are in effect claiming that the Bank's counsel are lying to this Court—without a shred of evidence to back up that grave accusation. And they make this false accusation against fellow attorneys to give Rea the opportunity to perjure herself, so that they can take a fee from her. That is inexcusable, and far outside the legitimate bounds of zealous advocacy. For this reason alone, the Court should grant this motion, reject Rea's claim of a Rule 4.2 violation, and sanction Rea's counsel.

**B.     Rea has not proven that she was represented on June 9, 2017.**

The Bank's opening brief also established that Rea was not, in fact, represented on June 9, 2017. Dkt. 16, Pg ID 89-91. Rea has now produced an unredacted version of her retention agreement, and admits that she did not sign it until June 28, 2017. Opp. 5; Reply Ex. 1. That June 28 agreement explicitly states,

in the present tense, that "CLIENT... retains ATTORNEY to represent h[er] in a cause of action as follows: *Suit against my former employer, Bank of America...*" *Id.* That explicit acknowledgment that representation began on June 28 is dispositive.

Undaunted, Gibbs claims that the representation really began on May 24, 2017, when Rea asked for an appointment with his Firm. Opp. at 1-2, 13. But the email cited as "proof" of this allegation is almost entirely redacted, *see* Opp. Ex. 3, and Gibbs's representations about this writing's hidden contents are inadmissible under FRE 1002. In any event, Gibbs implicitly admits that his firm *required* a retention agreement before it would agree to provide legal services. *See* Opp. Ex. 4, ¶ 2 (stating that after Rea declined to sign a retainer agreement in 2015, Gibbs warned that her statutes of limitation might run while she waited). That did not happen until June 28, 2017. The *evidence* shows that Rea was not represented on June 9, 2017.

      **C.**    **Several other elements of Rule 4.2 do not apply on these facts.**

The Bank also showed that Rule 4.2 did not apply because (1) Rea was not a "party;" (2) the Bank's counsel were not "representing a client" over Rea's FMLA retaliation claims; and (3) the Bank was not "communicating" with Rea regarding her FMLA claim. Dkt 16, Pg ID 93-96. Each point is independently dispositive here.

**1. Rea does not dispute that Bank was not "representing a client."** Rea ignores entirely the second argument: that Bank's attorneys were not "representing a client" as to Rea's then-nonexistent FMLA retaliation claims. As noted, Michigan

Ethics Opinion RI-39 is explicit on this point. *See* Dkt. 16, Pg ID 94-95. It found that Rule 4.2 is not violated by an attorney talking with a represented person about a *potential* claim, because "by definition" the person could not be represented in the still-unconfirmed "matter." *Id.* Rea simply ignores this part of Rule 4.2, and thus has waived any argument that this element of Rule 4.2 is satisfied. For that reason alone the Court should grant the motion in limine and reject the Rule 4.2 claim.

    **2. Rea is admittedly not a "party" under the Rule.** Rea spends considerable time arguing that she does not need to be a "party" to rely on Rule 4.2. Opp. at 8-12. Again, the plain text of the Rule and case law hold otherwise. *See* Dkt. 16, Pg ID 94 (citing *Valassis* and *Nissan*). Contrary to Rea's argument, both Eastern District of Michigan cases explicitly hold that Rule 4.2 applies only to a *party*. *Valassis*, 143 F.R.D. at 122 (the "application of Rule 4.2 is specifically limited to a party"); *Nissan*, 2010 WL 10107597, at *4 ("By its terms, MRPC 4.2 applies only to parties.")

    Rea claims *Banner v. City of Flint*, 136 F. Supp. 2d 678 (2000) is to the contrary, but she misconstrues the holding of that case. In *Banner*, the Rule 4.2 violation occurred when an attorney spoke to someone he knew to be a managerial employee of the City of Flint, which was the opposing party in the lawsuit.[2] *Id.* at 687. Because

---

[2] Rea also cites another part of *Banner* that held that a *consulting* lawyer owes some duties to the potential client, even without a retention. 136 F. Supp. 684-86. But that is irrelevant here; there is no issue of whether Gibbs violated duties *he* owed to Rea post-consult. Moreover, whatever duties Gibbs owed Rea over the failed consult, those limited duties did not make her "represented." Dkt. 16, Pg ID 90 & n.2.

managerial employees of an organization are considered "the party" for Rule 4.2 purposes, *see id.* (citing rule), the lawyer's knowing contact with Flint's managerial employee was contact with a "party" under Rule 4.2. *Banner* does not help her.

Rea also notes that on January 1, 2018, the Michigan Supreme Court is amending Rule 4.2 to prohibit communication with "a person" whom the lawyer knows to be represented rather than "a party." Opp. at 1 & n. 6 & Ex. 9. But that only proves the Bank's point: as currently written, Rule 4.2 applies only to a "party." That change would be superfluous if, as Rea claims, the term "party" *already* means "person." As Rule 4.2 applies only to parties, and Rea was not a party at the time of her June 9, 2017 deposition in *Whiteaker*, Rule 4.2 did not apply.

**3. Rea was questioned regarding *Whiteaker*, not her claim.** Finally, as the Bank showed, Rule 4.2 does not apply if a person is questioned regarding a *different* matter than the matter she is represented for. Dkt. 16, Pg ID 95-96. Here, the Bank was asking Rea questions in her capacity as a witness in *Whiteaker*, an ADEA case; it was not questioning her over her then-unfiled FMLA claims. *Id.*

Rea, in response, essentially pretends that this element of Rule 4.2, and the case law cited by the Bank in support, do not exist. *See* Opp. at 15. But the plain language of the Rule says "[i]n representing a client, a lawyer shall not communicate *about the subject of the representation* with a party whom the lawyer knows to be represented in the matter…." MRPC 4.2 (emphasis added). There is thus no dispute

-6-

that Rea was being deposed as a witness to Whiteaker's age discrimination claims, and that the Bank's questions about Rea's records falsification and termination were directly relevant in *Whiteaker* because they evidenced her untruthfulness, bias, and lack of credibility. Dkt. 16, Pg ID 95-96. For this reason too, Rule 4.2 did not apply.

### D. Rea offers no legitimate reason to suppress her sworn testimony.

Finally, the Bank noted that Rea's proposed remedy of suppression is inappropriate, as she admitted to falsifying a record even *before* the Bank's counsel questioned her at deposition; thus, reversing her answers now would still be perjurious. Dkt. 16, Pg ID 97. Rea's counsel, in response, effectively admit that they *want* Rea to change her answers, and complain that unless her earlier testimony is disregarded, she cannot "contradict" herself in a future declaration. Opp. at 16. That is both improper and untrue: Rea has admitted to knowing falsification of a bank record, even apart from the admission being challenged here, *see* Dkt. 16, Pg ID 85-86, and so any contradiction by Rea would remain an inadmissible sham. There is no reason to suppress her testimony, even if contrary to fact, there was a violation.

### Conclusion

The motion in limine should be granted and sanctions awarded.

Respectfully submitted,

*s/Thomas J. Davis*
By:  Elizabeth P. Hardy (P37426)
     Thomas J. Davis (P78626)
Attorneys for Defendant

Dated:  November 7, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

s/*Thomas J. Davis*
Thomas J. Davis
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@kohp.com
