UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI REA,

    Plaintiff,

v.

    Case No. 17-cv-12388
    Honorable Linda V. Parker

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S JUNE 26, 2018 ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF NO. 30)**

On June 24, 2017, Plaintiff Lori Rea initiated this action against her former employer, Defendant Bank of America, N.A., for wrongful termination in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq* ("FMLA"). (ECF No. 1). The matter presently is before the Court on Plaintiff's objections to Magistrate Judge Stephanie Dawkins Davis' June 26, 2018 Order Granting Defendant's Motion *in Limine* and Denying Plaintiff's Motion for Protective Order. (ECF No. 30.)

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the

1

magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

The Court has reviewed Plaintiff's objections to Magistrate Judge Davis's June 26, 2018 Order and is not convinced that Magistrate Judge Davis' ruling is clearly erroneous or contrary to law.

Plaintiff argues that Magistrate Judge Davis committed clear error and acted contrary to law in denying Plaintiff's Motion for Protective Order and granting Defendant's Motion *in Limine* by finding there "was no existing attorney client relationship and that Defendant's counsel lacked actual notice" that Plaintiff was represented.

## A. Magistrate Judge Davis Properly Applied Mich. Rule of Prof'l Conduct 4.2

Plaintiff claims that Magistrate Judge Davis erred in applying Rule 4.2. Mich. Rule of Prof'l Conduct 4.2(a) states:

> (a) In representing a client, a lawyer shall not communicate about the subject of the representation with a person whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

First, Plaintiff contends that Magistrate Judge Davis improperly relied on Plaintiff's deposition testimony, finding that she had not decided if she was going to file a lawsuit. (ECF No. 30 at Pg ID 443.) However, Plaintiff's deposition testimony was highly relevant to the Court's inquiry as to whether Plaintiff was "represented." Regarding two notebook entries dated September 9, 2015 and November 24, 2015, Plaintiff testified that she had spoken to an attorney around those times. (*See* ECF no. 27 at Pg ID 420.) When asked if she had filed a lawsuit, Plaintiff indicated that she had not and was uncertain if she would. (*Id.*)

Further, Plaintiff argues that she had an implied attorney-client relationship. Plaintiff relies on *Dalrymple v. Nat'l Bank & Trust Co.*, 615 F. Supp. 979 (W.D. Mich. 1985) for the proposition that there was an implied attorney-client relationship. However, the Sixth Circuit has explained that "[t]he bar for proving an implied attorney-client relationship is high. Innuendos and insinuations do not

3

suffice to form such a bond; the parties must point to 'the *manifest intentions* of the attorney and the prospective client.'" *Hustler Cincinnati, Inc. v. Cambria*, 625 F. App'x 712, 716 (6th Cir. Aug. 14, 2015). The Sixth Circuit further stated that "the term 'implied attorney-client relationship' is a misnomer. The relationship is implied only in the sense that it does not emerge from a formal contract; it comes from the parties' less formal—yet still manifest—expectations." *Id.* Plaintiff has not satisfied this showing. Plaintiff stated that because she said "wants" a retainer as opposed to "wanted" and that she had "not yet" filed a lawsuit, those words were sufficient to support a finding of an implied attorney-client relationship. Based on *Hustler*, Plaintiff's statements are insufficient to support a finding of an implied attorney-client.

Finally, Plaintiff argues that if Magistrate Judge Davis relied on the redacted May 24, 2017 email, it was error to conclude that an *in camera* review was not offered by Plaintiff. (ECF No. 30 at Pg ID 444.) Relying upon Mr. Gibbs' declaration, Magistrate Judge Davis found that "Mr. Gibbs' declaration stating that plaintiff's May 24, 2017 email indicated that she was ready to proceed and to sign a retainer agreement, does not square with plaintiff's own testimony from only two weeks later wherein she stated that she had not decided whether she would pursue a claim." (ECF No. 27 at Pg ID 427-28.) The Court does not find error in that finding.

4

Most importantly, Magistrate Judge Davis noted that even if she had found Plaintiff was represented by counsel, Plaintiff's claims that Defendant's counsel had knowledge of the representation and violated Rule 4.2 were unsupported.

### B. Magistrate Judge Davis Properly Found Counsel Had Insufficient Notice of An Attorney Client Relationship

Very importantly, Magistrate Judge Davis stated that even if she had found Plaintiff was represented by counsel, Plaintiff's claims that Defendant's counsel had knowledge of the representation and violated Rule 4.2 were unsupported. Plaintiff argues that Magistrate Judge Davis erred when she found Defendant's counsel had insufficient notice that an attorney/client relationship existed. (ECF No. 30 at Pg ID 444.) Plaintiff's notebook entries indicated that she had spoken to an attorney some time in 2015. The deposition was taken in June 2017. Magistrate Judge Davis properly found that conversations Plaintiff may have had with an "unnamed attorney in November of 2015 did not, in and of itself, suggest that she was in fact represented." (ECF No. 27 at Pg ID 429.) Simply because Plaintiff met with an attorney in November 2015 did not create an obligation for Defendant's counsel to inquire further into whether Plaintiff actually was represented by counsel. Furthermore, Magistrate Judge Davis properly found that Defendant's counsel did not violate Rule 4.2 by not doing so. In addition, Plaintiff argues that there was an implied attorney-client relationship that should have put

5

Defendant on notice. However, for the reasons stated above, the Court rejects that argument.

Plaintiff also argues that the Court failed to reach the question of privileged communication, but Magistrate Judge Davis made a clear determination that she would not address that issue because Plaintiff's deposition did not touch on any attorney-client communications. (ECF No. 27 at Pg ID 431.) Further, Defendant indicated that it did not intend to inquire as to any attorney-client communications. (*Id.* at Pg ID 432.) Therefore, Magistrate Judge Davis did not err in not addressing attorney-client privilege.

The Court finds that the magistrate judge's ruling is not clearly erroneous or contrary to law, and, therefore, rejects Plaintiff's objections.

Accordingly,

**IT IS ORDERED** that the Court **REJECTS** Plaintiff's objections to Magistrate Judge Davis's June 26, 2018 Order.

**IT IS SO ORDERED**.

                                           s/ Linda V. Parker
                                           LINDA V. PARKER
                                           U.S. DISTRICT JUDGE

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 21, 2018, by electronic and/or

U.S. First Class mail.

                                                     <u>s/ R. Loury</u>
                                                     Case Manager